## No. 26682

**The Baca Grande Corporation v. The Public Utilities Commission of the State of Colorado, and San Luis Valley Rural Electric Cooperative, Inc.**

(544 P.2d 977)

Decided January 26, 1976.

John P. Thompson; Saunders, Snyder & Ross, P.C., for plaintiff-appellant.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, James K. Tarpey, Special Assistant, John E. Archibold, Special Assistant, Eugene C. Cavaliere, Assistant, for defendant-appellee The Public Utilities Commission of the State of Colorado.

Gordon H. Rowe, Jr., for defendant-appellee San Luis Valley Rural Electric Cooperative, Inc.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an appeal from an order of the Public Utilities Commission (the commission) concerning the conditions under which a public utility electric company is to extend its service to a land developer. The order of the commission was affirmed on appeal to the district court. We reverse.

Plaintiff-appellant Baca Grande Corporation (developer) is engaged in a 14,100 acre real estate development known as "The Baca Grande." At the time of the hearing before the commission hearing officer, the developer had spent approximately $3,600,000 for improvements to the property including provisions for roads, water, sanitation, electric and telephone facilities. It had sold several thousand building sites, both on an installment and cash basis, for a total price of $11,684,030. Developer legally obligated itself to provide underground electric facilities for the project, which lies within the service territory of the San Luis Valley Rural Electric Cooperative, Inc. (the utility), also a defendant-appellee herein.

The developer negotiated with the utility over a period of many months and agreed to advance to the latter the funds necessary to provide underground electrical service. Developer paid $137,500 in cash for initial construction of an underground facility, which was completed. The utility had filed tariffs based on this initial agreement and then later withdrew them. At the time of the commission hearing on the present matter it had no tariff in effect referring to tract developers. Subsequently tariffs were filed with the commission. Hearings were held before a commission hearing examiner. The latter entered his recommended decision ordering certain tariffs into effect with several changes regarding the conditions of service.

Developer filed timely exceptions to the examiner's recommended decision. The commission denied the exceptions and adopted the hearing examiner's recommendation in toto as its final decision. The district court affirmed.

The commission ordered the developer to deposit with the utility in advance of any construction a sum consisting of the estimated total cost of the construction requested. This order is not contested. However, there is a provision that upon completion of the project the developer will recover, without interest, only a portion of the costs advanced. The gravamen of

the developer's appeal is to an additional provision that in no event shall there be any refund as to the difference between the actual cost of the underground facilities and the estimated construction cost of equivalent overhead facilities *unless the utility charges a special, higher underground rate.*

Developer argues — and we agree — that the order is improper insofar as it confers upon the utility the authority to elect what rate to charge the ultimate consumers in the development. It effectively permits the utility to choose between two alternatives: (1) either to charge uniform rates to all consumers regardless of whether they are served by underground or overhead lines and *not* refund to the developer the difference in cost between the construction of underground and equivalent overhead facilities; or (2) to refund that difference to developer by charging Baca Grande consumers a higher underground rate. The commission is without authority to permit an entity subject to its regulatory powers to decide what rates to charge its customers.

C.R.S. 1963, 115-3-2[1] declares that the commission has a *"duty* to . . . regulate all rates, charges and tariffs of every public utility of this state. . . ." (Emphasis added.) As this court has stated: "Regulation — not non-regulation — has been declared to be in the public interest." *Consolidated Freightways Corporations of Delaware v. Public Utilities Commission,* 158 Colo. 239, 406 P.2d 83 (1965); *see Western Colorado Power Co. v. Public Utilities Commission,* 159 Colo. 262, 411 P.2d 785 (1966), *rehearing denied,* 385 U.S. 984, 87 S.Ct. 500, 17 L.Ed.2d 445 (1966). The commission unlawfully delegated its rate-making obligation to the utility when it conferred upon it the discretion to determine whether or not the developer should receive a refund of the underground component of its cash advances and whether to charge underground customers higher rates.

Furthermore, the record contains no substantial evidence on the issue of whether the commission is justified in disallowing developer's recovery of the underground component costs or whether consumers in the Baca Grande development can reasonably be subject to incremental charges for the service which they will receive. A review of the transcript of testimony adduced before the hearing examiner as well as both the latter's findings in his recommended decision and the commission's order leave us without sufficient basis to determine which, if either, of the commission's alternatives would effect a "just and reasonable" decision within the purview of 1969 Perm Supp., C.R.S. 1963, 115-6-15.[2]

---

[1] Now section 40-3-102, C.R.S. 1973.
[2] Now section 40-6-115, C.R.S. 1973.

In this regard it is incumbent that the commission make findings related to the determination of what the rates should be to the customers in Baca Grande. Among these findings should be (1) whether the underground service is of greater value to the landowner consumer than equivalent overhead service; (2) whether the consumer has already paid the developer a premium price for his property based on the construction of underground lines — thereby precluding a possibility that the consumer might be paying "twice" for the service; and (3) whether there is a reasonable basis for determining that the developer is not entitled to a refund of the entire amount advanced to the utility.

Accordingly, the commission's decision is reversed and remanded for a new hearing consonant with the views expressed in this opinion.

MR. JUSTICE GROVES does not participate.

